UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DORIS SMITH, as the surviving spouse of
Alex Smith, deceased, and DORIS SMITH,
individually,

        Plaintiffs,

v.

ZOLL MEDICAL CORPORATION, ZOLL
MANUFACTURING CORPORATION,
ZOLL LIFECOR CORPORATION, ZOLL
LIFEVEST HOLDINGS, LLC, and ZOLL
SERVICES, LLC,

        Defendants.

Case No.: _____

**COMPLAINT**

**COME NOW** Plaintiffs, Doris Smith, as the surviving spouse of Alex Smith, deceased, and Doris Smith, individually, to sue Defendants, Zoll Medical Corporation, Zoll Manufacturing Corporation, Zoll Lifecor Corporation, Zoll LifeVest Holdings, LLC, and Zoll Services, LLC, for the claims stated herein. In support thereof, Plaintiffs state:

**SUMMARY OF THE ACTION**

1.    Plaintiffs bring this civil action pursuant to sections 20-5-106(a) and 20-5-110(a), Tenn. Code Ann., to recover for the injuries and wrongful death caused to Alex Smith by a defective, unsafe, and unreasonably dangerous Zoll LifeVest wearable defibrillator (the "subject LifeVest"), which claims pass by right of survivorship to Alex Smith's spouse, Doris Smith.

2. Specifically, the subject LifeVest suffered from a manufacturing defect that caused the subject LifeVest to fail to deliver life-saving defibrillation treatment to Alex Smith when he needed it.

3. Plaintiffs sue each of the Defendants for their respective roles in manufacturing, producing, assembling, and distributing the defective subject LifeVest.

## JURISDICTION & VENUE

4. At the time of filing this Complaint, Doris Smith is a Tennessee citizen, resident, and domiciliary.

5. At the time of filing this Complaint, Zoll Medical Corporation is a Massachusetts corporation with a principal place of business located in Massachusetts.

6. At the time of filing this Complaint, Zoll Manufacturing Corporation is a Nevada corporation with a principal place of business located in Pennsylvania.

7. At the time of filing this Complaint, Zoll Lifecor Corporation is a Delaware corporation with a principal place of business located in Pennsylvania.

8. At the time of filing this Complaint, Zoll LifeVest Holdings, LLC is a Nevada limited liability company. The sole member of Zoll LifeVest Holdings, LLC is Jason T. Whiting, who is a Pennsylvania citizen, resident, and domiciliary.

9. At the time of filing this Complaint, Zoll Services, LLC is a Nevada limited liability company. The sole member of Zoll Services, LLC is Sean M. Rollman, who is a Pennsylvania citizen, resident, and domiciliary.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Doris Smith is a citizen of a state of which no Defendant is a citizen and the amount in controversy exceeds $75,000.

11. This Court is authorized to exercise personal jurisdiction over Zoll Medical Corporation pursuant to Tenn. Code Ann. § 20-2-223 for at least the following reasons:

   a. Zoll Medical Corporation transacts business in Tennessee and Plaintiffs' claims for relief against Zoll Medical Corporation arise out of Zoll Medical Corporation's transaction of business in Tennessee.

   b. Zoll Medical Corporation contracts to supply services or things in Tennessee and Plaintiffs' claims for relief against Zoll Medical Corporation arise out of Zoll Medical Corporation's supply of services or things in Tennessee.

   c. Zoll Medical Corporation caused tortious injury to Plaintiffs through Zoll Medical Corporation's acts or omissions in Tennessee.

12. The Court is additionally authorized to exercise personal jurisdiction over Zoll Medical Corporation because Zoll Medical Corporation enjoys numerous, continuous, pervasive, and systematic contacts with Tennessee and Plaintiffs' claims for relief against Zoll Medical Corporation arise out of Zoll Medical Corporation's contacts with Tennessee.

13. This Court's exercise of personal jurisdiction over Zoll Medical Corporation comports with the due process requirements embodied within the United States Constitution and the Constitution of the State of Tennessee.

14. This Court is authorized to exercise personal jurisdiction over Zoll Manufacturing Corporation pursuant to Tenn. Code Ann. § 20-2-223 for at least the following reasons:

   a. Zoll Manufacturing Corporation transacts business in Tennessee and Plaintiffs' claims for relief against Zoll Manufacturing Corporation arise out of Zoll Manufacturing Corporation's transaction of business in Tennessee.

   b. Zoll Manufacturing Corporation contracts to supply services or things in Tennessee and Plaintiffs' claims for relief against Zoll Manufacturing Corporation arise out of Zoll Manufacturing Corporation's supply of services or things in Tennessee.

        c.    Zoll Manufacturing Corporation caused tortious injury to Plaintiffs through Zoll Manufacturing Corporation's acts or omissions in Tennessee.

15.    The Court is additionally authorized to exercise personal jurisdiction over Zoll Manufacturing Corporation because Zoll Manufacturing Corporation enjoys numerous, continuous, pervasive, and systematic contacts with Tennessee and Plaintiffs' claims for relief against Zoll Manufacturing Corporation arise out of Zoll Manufacturing Corporation's contacts with Tennessee.

16.    This Court's exercise of personal jurisdiction over Zoll Manufacturing Corporation comports with the due process requirements embodied within the United States Constitution and the Constitution of the State of Tennessee.

17.    This Court is authorized to exercise personal jurisdiction over Zoll Lifecor Corporation pursuant to Tenn. Code Ann. § 20-2-223 for at least the following reasons:

        a.    Zoll Lifecor Corporation transacts business in Tennessee and Plaintiffs' claims for relief against Zoll Lifecor Corporation arise out of Zoll Lifecor Corporation's transaction of business in Tennessee.

        b.    Zoll Lifecor Corporation contracts to supply services or things in Tennessee and Plaintiffs' claims for relief against Zoll Lifecor Corporation arise out of Zoll Lifecor Corporation's supply of services or things in Tennessee.

        c.    Zoll Lifecor Corporation caused tortious injury to Plaintiffs through Zoll Lifecor Corporation's acts or omissions in Tennessee.

18.    The Court is additionally authorized to exercise personal jurisdiction over Zoll Lifecor Corporation because Zoll Lifecor Corporation enjoys numerous, continuous, pervasive, and systematic contacts with Tennessee and Plaintiffs' claims for relief against Zoll Lifecor Corporation arise out of Zoll Lifecor Corporation's contacts with Tennessee.

19. This Court's exercise of personal jurisdiction over Zoll Lifecor Corporation comports with the due process requirements embodied within the United States Constitution and the Constitution of the State of Tennessee.

20. This Court is authorized to exercise personal jurisdiction over Zoll LifeVest Holdings, LLC pursuant to Tenn. Code Ann. § 20-2-223 for at least the following reasons:

   a. Zoll LifeVest Holdings, LLC transacts business in Tennessee and Plaintiffs' claims for relief against Zoll LifeVest Holdings, LLC arise out of Zoll LifeVest Holdings, LLC's transaction of business in Tennessee.

   b. Zoll LifeVest Holdings, LLC contracts to supply services or things in Tennessee and Plaintiffs' claims for relief against Zoll LifeVest Holdings, LLC arise out of Zoll LifeVest Holdings, LLC's supply of services or things in Tennessee.

   c. Zoll LifeVest Holdings, LLC caused tortious injury to Plaintiffs through Zoll LifeVest Holdings, LLC's acts or omissions in Tennessee.

21. The Court is additionally authorized to exercise personal jurisdiction over Zoll LifeVest Holdings, LLC because Zoll LifeVest Holdings, LLC enjoys numerous, continuous, pervasive, and systematic contacts with Tennessee and Plaintiffs' claims for relief against Zoll LifeVest Holdings, LLC arise out of Zoll LifeVest Holdings, LLC's contacts with Tennessee.

22. This Court's exercise of personal jurisdiction over Zoll LifeVest Holdings, LLC comports with the due process requirements embodied within the United States Constitution and the Constitution of the State of Tennessee.

23. This Court is authorized to exercise personal jurisdiction over Zoll Services, LLC pursuant to Tenn. Code Ann. § 20-2-223 for at least the following reasons:

   a. Zoll Services, LLC transacts business in Tennessee and Plaintiffs' claims for relief against Zoll Services, LLC arise out of Zoll Services, LLC's transaction of business in Tennessee.

      b.    Zoll Services, LLC contracts to supply services or things in Tennessee and Plaintiffs' claims for relief against Zoll Services, LLC arise out of Zoll Services, LLC's supply of services or things in Tennessee.

      c.    Zoll Services, LLC caused tortious injury to Plaintiffs through Zoll Services, LLC's acts or omissions in Tennessee.

24. The Court is additionally authorized to exercise personal jurisdiction over Zoll Services, LLC because Zoll Services, LLC enjoys numerous, continuous, pervasive, and systematic contacts with Tennessee and Plaintiffs' claims for relief against Zoll Services, LLC arise out of Zoll Services, LLC's contacts with Tennessee.

25. This Court's exercise of personal jurisdiction over Zoll Services, LLC comports with the due process requirements embodied within the United States Constitution and the Constitution of the State of Tennessee.

26. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims stated herein occurred within the Western District of Tennessee.

**FACTS**

27. At all times material hereto, Doris Smith ("Mrs. Smith") is the wife and spouse of Alex Smith ("Mr. Smith").

28. Zoll Medical Corporation, Zoll Manufacturing Corporation, Zoll Lifecor Corporation, Zoll LifeVest Holdings, LLC, and Zoll Services, LLC (collectively, "Zoll"), are in the business of designing, manufacturing, assembling, marketing, supplying, distributing, repairing, maintaining, and servicing a wide range of medical devices, including wearable cardioverter defibrillators like the LifeVest®.

29. The LifeVest is designed to protect patients at risk of sudden cardiac death. A patient prescribed to use a LifeVest wears the LifeVest on his body. The LifeVest monitors the patient's heart continuously through a set of electrodes. If the patient's heart goes into a life-threatening rhythm, the LifeVest is designed to detect this abnormal rhythm and deliver an electrical shock treatment to restore the patient's heart to a normal rhythm.

30. Prior to delivering a life-saving shock, the LifeVest is designed to sound an alarm to verify that the patient is nonresponsive. If the patient is conscious, the patient has time to respond to the alarms by pressing two buttons to stop the treatment sequence. If the patient does not respond, the LifeVest warns bystanders that a shock is about to be delivered to the patient and to stand back. If the patient's abnormal heart rhythm continues without the patient responding, the LifeVest is designed to deliver an electrical shock treatment to the patient through the electrodes.

31. After a shock, if the patient's heartbeat returns to normal, the alarms stop and the LifeVest returns to its normal monitoring mode. However, if the patient's heartbeat does not return to normal, the LifeVest is designed to repeat the treatment cycle. The LifeVest can be programmed to repeat the treatment cycle up to five times, delivering up to five separate shocks.

32. Mr. Smith was prescribed the subject LifeVest to treat an underlying heart condition that can cause an abnormal heart rhythm and result in sudden cardiac death.

33. On March 21, 2019, Mr. Smith was wearing the subject LifeVest, which he relied on to provide life-saving shock treatment in the event he experienced an abnormal heart rhythm.

34. In the evening of March 21, 2019, Mr. Smith experienced an abnormal heart rhythm requiring shock treatment.

35. Unfortunately, the subject LifeVest failed to operate as designed by not administering any shock treatments to Mr. Smith.

36. Further, the subject LifeVest failed to operate as designed by not sounding an alarm upon detecting Mr. Smith's abnormal heart rhythm.

37. Despite Mrs. Smith's efforts to revive Mr. Smith through CPR, Mr. Smith did not recover. Mr. Smith was then transported to the hospital for emergency medical treatment.

38. Mr. Smith ultimately perished on or about March 22, 2019.

39. Following Mr. Smith's death, Zoll immediately retrieved the subject LifeVest for examination.

40. Zoll determined from its examination of the subject LifeVest that the subject LifeVest's battery was disconnected at the time Mr. Smith experienced an abnormal heart rhythm and that this disconnection of the battery caused the subject LifeVest's failure to sound an alarm and failure to deliver shock treatment to Mr. Smith on March 21, 2019.

41. Zoll has since repaired the subject LifeVest and distributed the subject LifeVest to another patient, who continues to wear, use, and rely on the subject LifeVest to this day.

42. The disconnection of the subject LifeVest's battery and the subject LifeVest's failure to detect and treat Mr. Smith's abnormal heart rhythm on March 21, 2019 are the result of defects in the subject LifeVest's manufacture, production, assembly, and distribution.

43. The subject LifeVest's defective condition rendered the subject LifeVest unsafe and unreasonably dangerous for its designed, normal, and anticipated uses.

44. The subject LifeVest's defective, unsafe, and unreasonably dangerous condition existed at the time the subject LifeVest left Zoll's final possession, custody, and control.

45. The subject LifeVest's defective, unsafe, and unreasonably dangerous condition actually and proximately caused injury, damage, and death to Mr. Smith.

46. By virtue of her status as Mr. Smith's wife and spouse, the subject LifeVest's defective, unsafe, and unreasonably dangerous condition actually and proximately caused injury and damage to Mrs. Smith as well.

## CONDITIONS PRECEDENT

47. All conditions precedent have been satisfied or excused.

## COUNT I—STRICT LIABILITY
### (By Doris Smith, as surviving spouse of Alex Smith, Against Zoll)

48. Mrs. Smith brings this Count II in her capacity as the surviving spouse of Alex Smith, deceased.

49. Mrs. Smith re-alleges and incorporates Paragraphs 1 through 47 of this Complaint as if fully stated herein.

50. Zoll is responsible for designing, manufacturing, assembling, marketing, supplying, distributing, repairing, maintaining, and servicing the subject LifeVest.

51. The subject LifeVest is defective in its manufacture, production, assembly, and distribution.

52. The subject LifeVest's defective condition rendered the subject LifeVest unsafe and unreasonably dangerous for its designed, normal, and anticipated uses.

53. The subject LifeVest's defective, unsafe, and unreasonably dangerous condition existed at the time the subject LifeVest left Zoll's final possession, custody, and control.

54. The subject LifeVest's defective, unsafe, and unreasonably dangerous condition actually and proximately caused injury, damage, and death to Mr. Smith.

**WHEREFORE**, Plaintiff, Doris Smith, as the surviving spouse of Alex Smith, deceased, demands judgment against Defendants, Zoll Medical Corporation, Zoll Manufacturing Corporation, Zoll Lifecor Corporation, Zoll LifeVest Holdings, LLC, and Zoll Services, LLC, for all injuries and damages sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, punitive damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

### COUNT II—NEGLIGENCE
**(By Doris Smith, as surviving spouse of Alex Smith, Against Zoll)**

55. Mrs. Smith brings this Count II in her capacity as the surviving spouse of Alex Smith, deceased.

56. Mrs. Smith re-alleges and incorporates Paragraphs 1 through 47 of this Complaint as if fully stated herein.

57. Zoll is responsible for designing, manufacturing, assembling, marketing, supplying, distributing, repairing, maintaining, and servicing the subject LifeVest.

58. The subject LifeVest is defective in its manufacture, production, assembly, and distribution.

59. The subject LifeVest's defective condition rendered the subject LifeVest unsafe and unreasonably dangerous for its designed, normal, and anticipated uses.

60. The subject LifeVest's defective, unsafe, and unreasonably dangerous condition existed at the time the subject LifeVest left Zoll's final possession, custody, and control.

61. Zoll owed a duty to properly manufacture, produce, assemble, and distribute the subject LifeVest so as not to be in a defective and unsafe condition.

62. Zoll owed a duty to adequately test, inspect, maintain, repair, service, and assure the quality of the subject LifeVest before distributing the subject LifeVest for consumer use.

63. Zoll owed a duty to adequately test, inspect, maintain, repair, service, and assure the quality of the subject LifeVest before the subject LifeVest reached Mr. Smith.

64. Zoll breached the above duties.

65. Zoll's breaches of the above duties actually and proximately caused injury, damage, and death to Mr. Smith.

**WHEREFORE**, Plaintiff, Doris Smith, as the surviving spouse of Alex Smith, deceased, demands judgment against Defendants, Zoll Medical Corporation, Zoll Manufacturing Corporation, Zoll Lifecor Corporation, Zoll LifeVest Holdings, LLC, and Zoll Services, LLC, for all injuries and damages sustained due to the incident giving rise to this action, whether already incurred or to be incurred in the future, including all actual damages, consequential damages, economic damages, non-economic damages, punitive damages, mental anguish, emotional distress, pain and suffering, lost wages, costs, and interest, and for any such further relief as the Court deems appropriate.

### COUNT III—LOSS OF CONSORTIUM
**(By Doris Smith, individually, Against Zoll)**

66. Mrs. Smith brings this Count III in her individual capacity to recover loss of consortium damages from Zoll.

67. Mrs. Smith re-alleges and incorporates Paragraphs 1 through 47 of this Complaint as if fully stated herein.

68. At all times material hereto, Mrs. Smith and Mr. Smith were married as husband and wife.

69. Zoll is legally responsible for Mr. Smith's wrongful death.

70. Due to Zoll's liability-producing misconduct that caused Mr. Smith's wrongful death, Mrs. Smith lost the companionship, fellowship, company, cooperation, aid, love, affection, intimacy, sexual relationship, comfort, emotional support, solace, and society entitled to her because of her marriage to Mr. Smith.

71. Due to Zoll's liability-producing misconduct that caused Mr. Smith's wrongful death, Mrs. Smith has suffered and will continue to suffer mental anguish and emotional distress.

72. The aforementioned injuries and damages to Mrs. Smith were actually and proximately caused by Zoll's wrongful and negligent acts and omissions.

**WHEREFORE**, Plaintiff, Doris Smith, individually, demands judgment against Defendants, Zoll Medical Corporation, Zoll Manufacturing Corporation, Zoll Lifecor Corporation, Zoll LifeVest Holdings, LLC, and Zoll Services, LLC, for all injuries and damages to which she is entitled under Tennessee law, including interest and costs.

## DEMAND FOR JURY TRIAL

Plaintiffs, Doris Smith, as the surviving spouse of Alex Smith, deceased, and Doris Smith, individually, hereby demand a trial by jury on all issues so triable.

Dated: March 19, 2020                    Respectfully submitted,

MORGAN & MORGAN MEMPHIS, LLC

*s/ William Hackett*
WILLIAM HACKETT (TN Bar No. 31143)
Morgan & Morgan Memphis, LLC
40 S. Main Street, Suite 2600
Memphis, TN 38103
Telephone (901) 333-1859
*Attorney for Plaintiffs*